**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony J. Fawcett, | : | Case No. 4:07CV1412 |
| Plaintiff | : | Judge Kathleen O'Malley |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | |
| | : | **REPORT AND RECOMMENDED** |
| Defendant | : | **DECISION** |

This action, brought under 42 U.S.C. §405(g), has its origins in an application for disability insurance benefits (DIB), 42 U.S.C. §§416(i), 423, filed on May 30, 2001, slightly more than twelve years after plaintiffs' fully insured status, a requisite of eligibility for the benefits he seeks expired, and almost thirteen and a half years after his claimed onset date. In that application the plaintiff claimed November 7, 1987 as the date his disability began. His fully insured status expired March 31, 1989. Therefore, in order to be entitled to an award of DIB the plaintiff was required to establish disability arising after November 7, 1987 and no later than March 31, 1989.

Upon denial of the plaintiff's claim at the state agency level he requested de novo review by an Administrative Law Judge (ALJ), pursuant to which an evidentiary hearing was held on May 15, 2003. Almost a year later the ALJ entered his decision finding the plaintiff not disabled, holding that the plaintiff was capable of performing sedentary work activities, a determination upheld by the Appeals Council on October 29, 2004.

The plaintiff then sought judicial review of that determination, and the action was referred

to this Court. On July 13, 2005 this Court filed a Report and Recommendation (R&R), recommending reversal and remand for the reason that in his decision the ALJ had made no mention of a forty-one page deposition given in May 2003 by the plaintiff's long-term physician, Dr. James Dambrogio, which supported the plaintiff's claim of disability. That R&R was adopted by Your Honor on November 14, 2005, and the matter remanded for further proceedings, with the specific directive that "If the newly-assigned ALJ determines that Dr. Dambrogio's testimony should not be given controlling weight, he must expressly state his rationale in reaching that determination in accordance with the requirements of 20 C.F.R. §404.1527. Only after fairly addressing Dr. Dambrogio's testimony pursuant to the aforementioned procedure can the ALJ then make the determinations of whether (1) Fawcett is 'disabled' within the meaning of 20 C.F.R. 404.1520 as of March 31, 1989 and; if so, whether (2) he can still perform any sedentary job that exists in the national job market."

On July 19, 2006 a second ALJ convened an evidentiary hearing. The plaintiff did not appear at that proceeding, his counsel explaining that he was incarcerated pending trial on an unstated criminal charge.[1] A medical expert, Dr. Franklin Plotkin, and a vocational expert, Mr. Thomas Nimberger, each testified at that hearing.

On July 27, 2006 the ALJ entered his decision finding the plaintiff not disabled. The headings on his "Findings of Fact And Conclusions of Law" were:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 1989.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 7, 1987

---

[1]Defendant's brief incorrectly states that the plaintiff was then in prison. His counsel stated he was in custody awaiting trial because of his inability to post bond.

>  through the date last insured of March 31, 1989 (20 CR 404.1520(b) and 404.1571, *et seq.*).
>
> 3. Through the date last insured of March 31, 1989, the claimant had the following medically determinable impairment: a back disorder (20 CFR 404.1520(c)).
>
> 4. Through the date last insured of March 31, 1989, the claimant did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521).
>
> 5. The claimant was not under a "disability," as defined in the Social Security Act, at any time from November 7, 1987, the alleged onset date, through March 31, 1989, the date last insured (20 CFR 404.1520(c)).

That decision stands as the defendant's final determination consequent to a declination of jurisdiction entered by the Appeals Council on April 4, 2007.

The ALJ's holding that the plaintiff does not suffer from a severe impairment, as the term applies to disability claims, rests upon testimony of Dr. Plotkin. When questioned by the ALJ the doctor testified in pertinent part as follows:

> Q. Does the objective record that any tests findings, diagnostic conclusions support a severe impairment prior to the alleged onset date of disability, which was either November the 7th of 1987 or November the 9th? There might be a typographic error.
>
> A. They do not.
>
> Q. I'm sorry. You say it does not? My question is can you recognize any signs, symptoms, tests, objective findings that would support a severe impairment?
>
> A. No, I do not.
>
> Q. All right. Now the opinions of the deposition, which I made—set forth in a deposition which I made available to you, and, once again,

> you're saying you did have an opportunity to review it, the Court, that sent this back, I believe, rightly so said it in of itself should not be disregarded, I am regarding it. I am asking you to consider it. I am asking you to—and I realize it's a deposition but it has, you know, empirical value and without going through the deposition in detail, which I don't think is necessary, is there anything in that deposition which would alter your professional medical opinion that there was, in fact, no severe impairment that was substantiated by objective tests, findings, or symptoms?
>
> A. Okay. In response to that, I did say at the beginning that it was a little difficult to go through the deposition---
>
> Q. Yes. Okay.
>
> A. —because it's long and it's detailed. But in answer to the question, I don't think that there is any objective evidence to support these complaints of persistent and worsening pain in the lower back with radiation to the legs. And I think that there are objective tests that might either disprove or support the complaint of pain. But pain by itself does not give us any leads. He has no evidence of atrophy, no evidence of motor weakness, questionable sensory loss that's patchy. So I find myself not convinced of his complaints, of the voracity [sic] of his complaints.

Counsel's cursory examination of the doctor did not alter the foregoing opinion testimony.

On this appeal plaintiff contends that the ALJ went beyond the scope of the order of remand by conducting a new de novo hearing and taking testimony from the medical and vocational experts, rather than limiting the proceeding to consideration of Dr. Dambrogio's deposition and entering a decision taking that evidence into consideration. Alternatively, it is contended that the ALJ erred in relying on the testimony of Dr. Plotkin, rather than giving controlling weight to the opinion expressed by Dr. Dambrogio in his deposition.

On the procedural side, this Court is in agreement with defendant's argument that an order of reversal and remand pursuant to the fourth sentence of 42 U.S.C. §405(g), as was entered in this case, vitiates all that went before, so that the approach taken in this case did not contravene Your

Honor's order of remand. Beyond this, this Court believes that unless an order of court explicitly limits the discretion of an ALJ as to the proceeding upon remand it is appropriate for the ALJ to avail himself/herself of the expertise of a medical expert to assist interpreting the significance of the medical evidence.[2] This Court does not consider Your Honor's order of remand as imposing such a limitation upon the ALJ.

Moving to the substantive issues, this Court has mixed feelings.

The standard which controls in this circuit, as articulated in <u>Salmi v. Secretary of Health and Human Services</u>, 774 F.2d 685 (6th Cir. 1989), as to what constitutes a severe impairment is clearly a <u>de minimis</u> one. Therein the court held:

> ...An impairment qualifies as non-severe only if the impairment would not affect a claimant's ability to work regardless whether the claimant was sixty years old or only twenty-five, whether the claimant has a sixth grade education or a master's degree, whether the claimant was a brain surgeon, a factory worker, or a secretary. We hold that an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.

<u>Id</u>. at 691-692. Giving any credence to Dr. Dambrogio's deposition, it would appear that the plaintiff may satisfy this minimal standard.

On the other hand, considering that the plaintiff was 48 years old when his fully insured status expired (D.O.B. January 21, 1951) and had some college education, under the standards of the Social Security grids he must have been unable to engage in even sedentary work activities in order to be deemed disabled. <u>See</u>, 20 C.F.R., Part 404, Subpart P, Appendix II, Table I, Rules 201.21 and 201.22. There is no doubt that Dr. Dambrogio's deposition, given fourteen years after

---

[2] This Court has in numerous instances found that an ALJ erred in "playing doctor" in interpreting objective medical evidence, rather than turning to a medical expert to assist in that regard.

the plaintiff's fully insured status expired, lends support to the plaintiff's claim.  It concluded with the doctor being asked whether from November 9, 1987 forward the plaintiff was "able to engage in substantial work activity on a sustained basis," to which he replied "On a sustained basis, no.  I think at various times, because of his—his emotional and socioeconomic situation, he's tried to entertain doing various kinds of work, but he's been unable to sustain any kind of activity at all."

It is the rule in this circuit that the opinion of a treating physician is generally entitled to substantial deference, and may, in given circumstances, even be entitled to complete deference. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

Nevertheless, in order to be entitled to substantial weight such opinion must represent more than a conclusory statement, and must be supported by clinical or diagnostic findings.  Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir. 1981).  Absent such supporting medical documentation, or an explanation of the nexus between the physical findings and the conclusion of disability where that relationship is not patent, the fact-finder may disregard the treating physician's opinion.  Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 212 (6th Cir. 1986).

It is this need for supporting objective medical evidence relevant to the period November 7, 1987 to March 31, 1989 which gives this Court pause.

Almost all of the medical evidence, both during the relevant period and thereafter, was generated in the context of a Worker's Compensation claim, and during that time the assigned condition was lumbo sacral strain and sprain.

When the plaintiff was referred by Dr. Dambrogio to Dr. E. B. Marsolais, an orthopedist at University Hospitals, in October 1989 Dr. Marsolais concluded, in pertinent part, "I doubt very

much that the L5-S1 disc that has been identified is really causing him very much trouble, although he does have some instability at L5-S1. I think this will respond to proper exercise—once we get the rest of this together."

In May 1988 the plaintiff was referred by Dr. Dambrogio to a neurologist, Dr. Anand Garg. Dr. Garg's report to Dr. Dambrogio stated "Except for sensory findings, the validity of which I am not sure about (emphasis added), there were no other abnormal findings," and he suggested further diagnostic studies. A follow-up report from Dr. Garg dated March 11, 1991 states, in pertinent part:

> He has had his MRI completed on March 7, 1991. It seemed to indicate (1) a mild generalized anular bulge at L3-4 level, and (2) a small central disc bulge and/or herniation at L4-5 level, extending a little to the right.
>
> I reviewed the films with Mr. Fawcett and explained to him the findings and then significance. I told him that these are very small lesions and normally should not cause the kind of symptoms he is having and that I still find it a problem to explain the severity of his symptoms on the basis of these lesions alone.

In a May 1991 report Dr. Garg stated that the L4-5 lesion "is a very small lesion and is not compromising his nerve roots, and just causing slight effacement of the dural sac."

If it was to be concluded that the ALJ read too much into Dr. Plotkin's testimony in concluding that the plaintiff does not suffer from a severe impairment, in this Court's opinion a fair reading of that testimony clearly reflects the doctor's opinion that the objective medical evidence does not support the plaintiff's extreme subjective complaints, and that the plaintiff should, at the least, be capable of sedentary work, which would call for the conclusion that the plaintiff was not disabled as of March 31, 1989. In light of the objective medical evidence considered herein this court believes that such would be a sustainable conclusion under the substantial evidence standard of Richardson v. Perales, 402 U.S. 389 (1971).

Rather than prolong this matter for another several years on the basis that the ALJ's "no severe impairment" holding was an error of law and order yet another remand only to reach a foregone conclusion, this Court recommends that final judgment be entered in defendant's favor.[3]

                                                  s/DAVID S. PERELMAN
                                                  United States Magistrate Judge

DATE:   March 20, 2008

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] Assuming that Your Honor accepts this recommendation and that this decision comes to the attention of the ALJ, this Court recommends that he pay closer attention to the *de minimis* standard of what constitutes a severe impairment, particularly in cases where the same result would follow from a finding that the claimant is capable of performing sedentary work activities.